Marc E. Hankin (SBN: 170505)
Marc@HankinPatentLaw.com
Anooj Patel (SBN: 300297)
Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA 90025
Tel: (310) 979-3600/Fax: (310) 979-3603

Attorneys for ALL DEFENDANTS-COUNTERCLAIMANTS,
**American Fabrication Academy, Inc.; Jason Dean Saunders; Robert Claro; Luke Czaplinski; Marcio Umanzor**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE FABRICATION SCHOOL, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMERICAN FABRICATION ACADEMY, INC.; Jason Dean Saunders, an individual; Robert Claro, an individual; Luke Czaplinski, an individual; Marcio Umanzor, an individual; and DOES 1 through 10,<br><br>　　　　Defendants.<br><br>―――――――――――――<br>AMERICAN FABRICATION ACADEMY, INC.; Jason Dean Saunders, an individual; Robert Claro, an individual; Luke Czaplinski, an individual; Marcio Umanzor, an individual<br>　　　　CounterClaimants,<br><br>v.<br><br>INNOVATIVE FABRICATION SCHOOL, INC., a California corporation,<br>　　　　CounterDefendant. | CASE No. 5:22-CV-00180-MWF-JEM<br><br>**DEFENDANTS-COUNTERCLAIMANTS AMERICAN FABRICATION ACADEMY, INC., JASON DEAN SAUNDERS, ROBERT CLARO, LUKE CZAPLINSKI, AND MARCIO UMANZOR'S COUNTERCLAIMS AGAINST PLAINTIFF-COUNTERDEFENDANT INNOVATIVE FABRICATION SCHOOL, INC.;**<br><br>**ANSWER TO FIRST AMENDED COMPLAINT FILED CONCURRENTLY HEREWITH** |

DEFENDANTS-COUNTERCLAIMANTS American Fabrication Academy, Inc. ("AFA"); Jason Dean Saunders ("Saunders"); Robert Claro ("Claro"); Luke Czaplinski ("Czaplinski"); Marcio Umanzor ("Umanzor") (collectively herein "CounterClaimants") against Plaintiff-CounterDefendant Innovative Fabrication School, Inc. ("CounterDefendant") alleges as follows:

## JURISDICTION AND VENUE

1. These CounterClaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202 et seq. This Court has subject matter jurisdiction over these CounterClaims pursuant to 28 U.S.C. §§1331, 1367, & 1338(a).

2. Venue is proper pursuant to 28 U.S.C. § 1391, and Plaintiff is subject to personal jurisdiction in this judicial district, inter alia, because Plaintiff chose this District in which to file its First Amended Complaint, thus subjecting itself to the jurisdiction and venue of this Honorable District Court.

## PARTIES

3. Upon information and belief, CounterDefendant is a corporation, duly organized and existing under the laws of the state of California, with its principal place of business in the City of Rancho Cucamonga.

4. CounterClaimant American Fabrication Academy is a corporation, duly organized and existing under the laws of the state of California, with its principal place of business in the City of Corona.

5. CounterClaimant Jason Dean Saunders is the owner and operator of Defendant American Fabrication Academy.

6. CounterClaimants Robert Claro, Luke Czaplinski, Marcio Umanzor are employees of CounterDefendant American Fabrication Academy, and former employees of CounterDefendant.

## GENERAL ALLEGATIONS

7. In 2018, CounterClaimants Claro, Czaplinksi, and Umanzor were employed by CounterDefendant until they were fired without cause.

8. When CounterDefendant fired CounterClaimants Claro, Czaplinksi, and Umanzor, CounterClaimants Claro, Czaplinksi, and Umanzor did not take with them any of CounterDefendant's materials.

9. In fact, when CounterClaimants Claro, Czaplinksi, and Umanzor were fired by CounterDefendant without cause, they were walked to the door and did not even receive their personal effects until months after they were fired.

10. Then, in 2018, CounterClaimants created American Fabrication Academy, which is a state of the art metal fabrication and welding school in Corona, California.

11. CounterClaimants provide high quality instruction in the field of metal fabrication and welding.

12. Rather than compete fairly in the market, CounterDefendant has repeatedly interfered with CounterClaimants' business interests.

13. CounterDefendant complained to the California Bureau of Private Postsecondary Education ("BPPE") about CounterClaimants alleged acts on January 15, 2019 and again on January 28, 2019 by sending first one and then a second "complaint" to the BPPE.

14. The BPPE denied both the January 15, 2019 and the January 28, 2019 complaints on February 15, 2019, finding that American Fabrication Academy had not "violated any applicable Bureau law or regulation related to the complaint." A true and correct copy of those two letter determinations denying Plaintiff's complaints against AFA is attached hereto as Exhibit A.

15. Despite the fact that BPPE, an independent organization, found CounterDefendant's complaints without merit, CounterDefendant continued to attempt to harm CounterClaimants' business based on meritless claims that were expressed to third-parties.

16. On December 9, 2021, CounterDefendant sent to the Council on Occupational Education ("COOE") a "complaint" that "called into question" CounterClaimants' "credibility and professionalism".

3

DEFENDANTS-COUNTERCLAIMANTS' COUNTERCLAIMS AGAINST PLAINTIFF-COUNTERDEFENDANT

17. On February 9, 2022, COOE sent to CounterClaimants a letter identifying the December 9, 2021 "complaint" and requested that CounterClaimants respond to the allegations in writing.

18. Since about 2019, CounterDefendant would have meetings every couple of weeks to discuss, internally, how CounterDefendant and its employees could disrupt CounterClaimants' business.

19. These regular meetings to discuss how CounterDefendant and its employees could disrupt CounterClaimants' business were initiated by Troy Johnson.

20. CounterDefendant then acted based on the discussion of these meetings to disrupt CounterClaimants' business.

21. CounterDefendant has engaged in a targeted and malicious campaign to attempt to have CounterClaimants' credentials revoked and reputation ruined by spreading false allegations about CounterClaimants.

22. CounterDefendant's campaign against CounterClaimants focuses on the allegation that CounterClaimants allegedly infringed CounterDefendant's Copyrights and Trademarks, which is front and center in CounterDefendant's First Amended Complaint in the present litigation.

23. While CounterDefendant has repeatedly alleged that CounterClaimants have infringed CounterDefendant's alleged Copyright in CounterDefendant's "Curriculum", CounterDefendant has yet to identify exactly what the "Curriculum" comprises.

24. CounterDefendant has provided to CounterClaimants (and this Honorable Court) only a partial Copyright Registration Certificate for U.S. Copyright Registration (TX-9-069-346), for a document identified as "Fundamentals of Fabrication Curriculum" as Exhibit 1 to CounterDefendant's First Amended Complaint.

25. Importantly, the actual "Fundamentals of Fabrication Curriculum" that was required to be Deposited with the Copyright Office when the Copyright Application was filed has not been provided by CounterDefendant.

26. Upon information and belief, the document "Fundamentals of Fabrication

Curriculum" refers to a one (1) page document that briefly identifies the number of hours of instruction provided by CounterDefendant for various topics. A true and correct copy of what CounterClaimants believe to be "Fundamentals of Fabrication Curriculum" is attached hereto as Exhibit B.

27. Counterclaimants have not used the "Fundamentals of Fabrication Curriculum" document in any way that could be considered Copyright Infringement.

28. Attached hereto as Exhibit C is a true and correct copy of CounterClaimants' Curriculum.

29. The only similarities between CounterClaimants' Curriculum and "Fundamentals of Fabrication Curriculum" are that they both relate to core concepts of fabrication.

30. Additionally, CounterDefendant has alleged that CounterClaimant AFA has been using CounterDefendant's "THE FAB SCHOOL" Trademark.

31. CounterClaimants have been unable to reproduce the "evidence" that CounterDefendant has offered in support of that allegation.

32. CounterClaimants do not use CounterDefendant's "THE FAB SCHOOL" Trademark in any way that may be considered an infringement thereof.

## FIRST COUNTERCLAIM FOR RELIEF

## (DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE CURRICULUM COPYRIGHT)

33. CounterClaimants reallege and incorporate by reference each of the allegations of Paragraphs 1 through 32 of the CounterClaims as if fully set forth herein.

34. An actual controversy now exists between CounterDefendant and CounterClaimants as to their respective rights and responsibilities with respect to the document titled "Fundamentals of Fabrication Curriculum".

35. CounterClaimants have allegedly engaged in certain acts that CounterDefendant alleges infringe a copyright ownership in "Fundamentals of Fabrication Curriculum", and CounterClaimants deny that they has infringed any copyright ownership allegedly held "Fundamentals of Fabrication Curriculum".

36. CounterDefendant alleges the CounterClaimants infringed the "Fundamentals of Fabrication Curriculum" by showing "Fundamentals of Fabrication Curriculum" to CounterClaimants' students and prospective students.

37. Saunders, Claro, Czaplinksi, and Umanzor have simply not used "Fundamentals of Fabrication Curriculum" and should have never been identified as parties.

38. To resolve the legal and factual questions raised by CounterDefendant and to afford relief from the uncertainty that CounterDefendant's false allegations have precipitated, CounterClaimants are entitled to a Declaratory Judgment stating that CounterClaimants have not taken any actions that may be considered copyright infringement of "Fundamentals of Fabrication Curriculum".

**SECOND COUNTERCLAIM FOR RELIEF**
**(DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF**
**THE FAB SCHOOL MARK)**

39. CounterClaimants reallege and incorporate by reference each of the allegations of Paragraphs 1 through 38 of the CounterClaims as if fully set forth herein.

40. An actual controversy now exists between CounterDefendant and CounterClaimants as to their respective rights and responsibilities with respect to the THE FAB SCHOOL Mark.

41. CounterClaimants have allegedly engaged in certain acts that CounterDefendant alleges infringe the THE FAB SCHOOL Mark, and CounterClaimants deny that they has infringed the THE FAB SCHOOL Mark.

42. CounterDefendant alleges the CounterClaimants infringed the THE FAB SCHOOL Mark by purchasing Google Adwords.

43. Saunders, Claro, Czaplinksi, and Umanzor have simply not used the THE FAB SCHOOL and should have never been identified as parties.

44. To resolve the legal and factual questions raised by CounterDefendant and to afford relief from the uncertainty that CounterDefendant's false allegations have precipitated, CounterClaimants are entitled to a Declaratory Judgment stating that

CounterClaimants have not taken any actions that may be considered trademark infringement of the THE FAB SCHOOL Mark.

## THIRD COUNTERCLAIM FOR RELIEF

## (UNFAIR COMPETITION – CAL. BUS. & PROF. CODE § 17200 ET SEQ.)

45. CounterClaimants reallege and incorporate by reference each of the allegations of Paragraphs 1 through 44 of the CounterClaims as if fully set forth herein.

46. CounterDefendant's conduct in submitting meritless "complaints", even after being initially rejected, to third-party regulatory groups in order to specifically harm CounterClaimants in complete disregard of CounterClaimants' rights and at CounterClaimants' expense, is unlawful, unfair, and thus constitutes unfair competition pursuant to California Business and Professions Code § 17200.

47. CounterDefendant's conduct in conducting discussions on how to disrupt CounterClaimants' business, and actions stemming therefrom, in order to specifically harm CounterClaimants in complete disregard of CounterClaimants' rights and at CounterClaimants' expense, is unlawful, unfair, and thus constitutes unfair competition pursuant to California Business and Professions Code § 17200.

48. As a proximate result of CounterDefendant's conduct, CounterClaimants have been damaged, and will continue to be damaged unless CounterDefendant is enjoined from making meritless accusations against CounterClaimants to third-party regulatory groups.

49. CounterDefendant's conduct was extreme, outrageous, and was undertaken in reckless disregard of CounterClaimants' rights. Such conduct supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of CounterDefendant and to deter it from similar conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, CounterClaimants respectfully request that a Declaratory Judgment be Entered in their favor and against CounterDefendant, and for a Judgment in favor of CounterClaimants as set forth below:

  a. For a Declaratory Judgment that CounterClaimants have not infringed any Copyrights owned by CounterDefendant;

  b. For a Declaratory Judgment that CounterClaimants have not infringed any Trademarks owned by CounterDefendant;

  c. For an Injunction Ordering that CounterDefendant ceases all activities that interfere with CounterClaimants' legitimate business interests;

  d. For an award of restitution sufficient to compensate CounterClaimants for their economic costs taken as a result of CounterDefendant's unlawful actions;

  e. That CounterClaimants be awarded their costs of suit and attorneys' fees to the maximum extent permitted by law; and

  f. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**HANKIN PATENT LAW, APC**

Dated: May 9, 2022  By: */Marc E. Hankin/*

Marc E. Hankin, Esq.
Attorneys for All Named Defendants-CounterClaimants,
American Fabrication Academy, Inc.; Jason Dean Saunders; Robert Claro; Luke Czaplinski; Marcio Umanzor

**JURY TRIAL DEMANDED**

Defendants hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

**HANKIN PATENT LAW, APC**

Dated: May 9, 2022

By: /Marc E. Hankin/

Marc E. Hankin, Esq.
Attorneys for All Named Defendants-CounterClaimants,
American Fabrication Academy, Inc.; Jason Dean Saunders; Robert Claro; Luke Czaplinski; Marcio Umanzor