| | |
|---|---|
| 1 | MARC E. HANKIN (SBN: 170505) |
| | E-Mail: Marc@HankinPatentLaw.com |
| 2 | ANOOJ PATEL (SBN: 300297) |
| | E-Mail:  Anooj@HankinPatentLaw.com |
| 3 | **HANKIN PATENT LAW,** |
| | A Professional Corporation |
| 4 | 12400 Wilshire Boulevard, Suite 1265 |
| | Los Angeles, CA  90025 |
| 5 | Tel: (310) 979-3600/Fax: (310) 979-3603 |
| 6 | Attorneys for ALL NAMED DEFENDANTS – COUNTERCLAIMANTS. |
| 7 | |
| 8 | MANDANA JAFARINEJAD (SBN: 273904) |
| | E-Mail:  Mandana@mjintellectualproperty.com |
| | **Law Offices of Mandana Jafarinejad, P.C.** |
| 9 | 1 Park Plaza, Suite 600 |
| | Irvine, CA  92614 |
| 10 | Tel: (949) 833-7125 |
| 11 | Attorneys for Plaintiff– COUNTERDEFENDANTS. |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 13 | INNOVATIVE FABRICATION SCHOOL, INC., a California corporation, | CASE No. 5:22-cv-00180-MWF-JEM |
| 14 | | |
| 15 | Plaintiff | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| | v. | |
| 16 | AMERICAN FABRICATION ACADEMY, INC.; Jason Dean Saunders, an individual; Robert Claro, an individual; Luke Czaplinski, an individual; Marcio Umanzor, an individual; and DOES 1 through 10; | Judge: Hon. Michael W. Fitzgerald |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | Defendants. | |
| 21 | AMERICAN FABRICATION ACADEMY, INC.; Jason Dean Saunders, an individual; Robert Claro, an individual; Luke Czaplinski, an individual; Marcio Umanzor, an individual | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | CounterClaimants, | |
| | v. | |
| 26 | INNOVATIVE FABRICATION SCHOOL, INC., a California corporation, | |
| 27 | | |
| 28 | CounterDefendant. | |

1

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Plaintiff, INNOVATIVE FABRICATION SCHOOL, INC., and Defendants, AMERICAN FABRICATION ACADEMY, INC., Jason Dean Saunders, Robert Claro, Luke Czaplinski, Marcio Umanzor (each a "Party," collectively, the "Parties") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY". The word(s) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be placed clearly at the bottom, center of each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. Discovery responses shall not bear the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend on the entire document, unless all of the responses contained therein meet the criteria of being designated as such. Otherwise, the responding party shall designate for each response the appropriate designation legend. Such designations shall be made at the time when the discovery response is served, or when the document or thing, or copy thereof, is provided to the receiving party. For deposition and hearing transcripts, the

word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and on each page where "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" testimony or statements are made." For video recordings of depositions or hearings, the Parties shall instruct the videographer upon the conclusion of the video-testimony, how to designate the videorecording, or any portion thereof, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". All documents, or any portion thereof, made available for inspection (but not yet formally produced to the inspecting party) shall be presumptively deemed to contain "Highly Confidential – Attorneys' Eyes Only" subject to the provisions of this Protective Order, regardless of whether so identified, until copies thereof are formally produced to the inspecting party. Any information, document, or thing that bears both designations must be treated as "Highly Confidential – Attorneys' Eyes Only."

2. With respect to documents, information or material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" ("DESIGNATED MATERIAL"), subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all trial, pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions, hearings and trial; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial

///

summaries prepared from any DESIGNATED MATERIAL shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

3. A designation of Protected Material (i.e., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated or identified as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. If the Designating Party discovers that information should have been but was not designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only, the Designating Party must immediately notify all other parties. In such event, within five (5) days of notification, the Designating Party must provide replacement copies of the Confidential or Highly Confidential – Attorneys' Eyes Only Information bearing the proper designation in accordance with this Order. The Designating Party may request destruction of that undesignated Protected Material by notifying the recipient(s), as soon as reasonably possible after providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

4. **Confidential Material**: "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the Designating Party, upon order of the Court, or as set forth in paragraph 12 herein:

(a) a Party's outside counsel of record, including necessary paralegal, secretarial, clerical personnel assisting such counsel, and any other employees of counsel or independent contractors operating under counsel's instruction;

(b) a Party's in-house counsel (if any exist);

(c) up to and including two (2) designated representatives of each of the Parties, and each named individual Party to the litigation, to the extent reasonably

necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(d) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; and (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto;

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f) Any mediator(s), arbitrator(s), or special masters(s) appointed by the Court or agreed to by the Parties;

(g) independent litigation support services, including persons working for or as court reporters, stenographers, videographers, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(h) the Court and its personnel;

5. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall

not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

6. **Highly Confidential – Attorneys' Eyes Only Material**: Any party may designate Protected Material as "HIGHLY CONFIDENTIAL – ATTORNEY'S ONLY" when the producing Party believes in good faith that the Protected Material is so sensitive that its dissemination deserves even further limitation, including information that the Designating Party in good faith believes that disclosure will likely harm the Designating Party's competitive position concerning, inter alia: trade secrets; customer/supplier lists and other highly confidential information regarding customers, dealers and distributors; non-public technical information; confidential financial information; manufacturing and research information; confidential commercial information regarding technology used to make and/or confirm the authenticity of the products at issue in the litigation; and/or highly sensitive information that is not publicly known.

7. For Protected Material designated as HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 4(a) and (d-h).

8. **Privilege/Work Product Material**: Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such

production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. Any Party that believes they have inadvertently or unintentionally received documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity, shall immediately notify the producing Party of the potential inadvertent disclosure. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

9. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

10. **Service of Designated Material**: Any Party electronically serving designated material, shall share the designated material by email or a shared file link to all email eservice addresses identified in the Parties' Counsel's signature blocks below. The subject line of the email shall include the language "SERVICE OF DESIGNATED MATERIAL, ***NAME OF CASE, USDC CD CAL Case No. ***. Non-Designated Material shall be served by the same method, may be eserved in the same email, and the Subject reference line may be modified accordingly. Any files or documents classified as Designated Material shall include in its file name the

DESIGNATION assigned to that file, folder or document, (*i.e.*, Plaintiff document control number XXX to XXX, AEO, or Defendants document control number XXX to XXX, Confidential, etc.)

11. **Use of Designated Material**: Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition, hearing or trial provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) for CONFIDENTIAL MATERIAL, counsel for a Party, including outside counsel, and in-house counsel, and for HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY MATERIAL, counsel for a party, excluding in-house counsel, unless agreed in a prior writing; (vi) subject to Paragraph 4(d), an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party.

12. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript or a videorecording, designate the deposition or hearing transcript, videorecording or any portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript or

videorecording so designated shall be limited in accordance with the terms of this Order. Prior to expiration of the 30-day period, the entire deposition or hearing transcript or videorecording shall be treated as confidential.

13. Before filing any DESIGNATED MATERIAL or discussing or referencing such material in court filings, or using DESIGNATED MATERIAL at depositions, hearings and/or trial, the filing party shall confer with the designating party, in accordance with Local Rule 7.3, to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the designating party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Rule 79-5, even if it is not the party filing the motion to seal.

14. **Challenging Confidentiality Designations**: Any party may challenge a designation given to any DESIGNATED MATERIAL at any time by notifying the designating Party in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The Parties must make every attempt to resolve any dispute without court involvement. Any motion regarding confidentiality designation or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference. If the

Parties cannot agree, the requesting Party may apply to the Court for relief. Pending the Court's determination of the application, the designation of the designating Party shall be maintained. A Party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

15. **Acknowledgement Form**: Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

16. **Third Party Material**: To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

17. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

18. **Return or Destruction of Documents**: Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and

excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

19. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

20. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

21. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

22. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

23. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

24. If another court or agency or party to another action subpoenas or orders production of DESIGNATED MATERIAL that a party has obtained under the terms of this Protective Order, such party (1) shall promptly notify the producing Party who designated the Documents of the subpoena, public records request, or court order in writing; and (2) to the extent permitted by law, court rule, and court order, shall withhold production of the requested information until (a) the producing Party permits production, (b) a court of competent jurisdiction orders otherwise, (c) the producing Party files a motion or other legal action to protect such material and the court has ruled on said motion, or (d) the producing Party fails to file a motion or other legal action to protect such material within five (5) business days following receipt of the notice required in Paragraph 24(1). The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this litigation an opportunity to try to protect its confidentiality interests in the court from which the subpoena, request or order issued.

25. **Survival**: This Order's obligations regarding Confidential and Highly Confidential information survive the conclusion of this case.

///

///

///

///

///

///

///

///

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3  By: /*Marc E. Hankin*/

4  HANKIN PATENT LAW, APC
Marc E. Hankin, Esq.
12400 Wilshire Boulevard, Suite 1265
Los Angeles, California 90025
Telephone: (310) 979-3600
marc@hankinpatentlaw.com;
Dated: October 14, 2022

9  *Attorneys for All Named Defendants – Counterclaimants*

11 By: /*Mandana Jafarinejad*/

12 Law Offices of Mandana Jafarinejad, P.C.
Mandana Jafarinejad, Esq.
1 Park Plaza, Suite 600
Irvine, California 92614
Telephone: (949) 833-7125
mandana@mjintellectualproperty.com
Dated: October 14, 2022

17 *Attorneys for Plaintiff – Counterdefendants*

<u>PURSUANT TO STIPULATION, IT IS SO ORDERED</u>

IT IS FURTHER ORDERED that pursuant to <u>Fed. R. Evid. 502(d)</u>, the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: 10/27/22

*John E. McDermott*

\_ United States Magistrate Court Judge

14

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury of the laws of the United States of America that:

1. I have received a copy of the Protective Order in this action. I have carefully read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of Innovative Fabrication School, Inc. v. American Fabrication Academy, Inc, Case No. 5:22-cv-00180-MWF-JEM.

2. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

3. I solemnly promise that I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action even if such enforcement proceedings occur after termination of this action.

Date: _____

Signature: _____

Printed Name: _____

City/State where sworn and signed:

_____